(92 Misc. Rep. 210)

NOVELTY SHOWCASE CO., Inc., v. SAMUEL I. DAVIS & CO.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

APPEAL AND ERROR ☞1047—TRIAL ☞39—RECEPTION OF EVIDENCE—READING EXHIBITS.

The action of the court in admitting letters in evidence, and in refusing to allow defendant's attorney to read them to the jury, and in directing the jury to take the letters as exhibits into the jury room, was prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4132, 4133, 4146–4152; Dec. Dig. ☞1047; Trial, Cent. Dig. §§ 92–98; Dec. Dig. ☞39.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Novelty Showcase Company, Incorporated, against Samuel I. Davis & Co. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Levy & Frankenthaler, of New York City (I. Maurice Wormser, of New York City, of counsel), for appellant.

Goldstein & Goldstein, of New York City (Abraham Lipton, of New York City, of counsel), for respondent.

SHEARN, J. During the examination of one of defendant's main witnesses, the court received in evidence two brief, but important, letters offered by the defendant. Defendant's counsel (to quote the record) "asked leave to read these two exhibits to the jury, but the

court directed that they be handed to and read by the jury, and directed the defendant's attorney then to proceed with the testimony." Exception was duly taken to the refusal of the court to permit the exhibits to be read to the jury.

It cannot be assumed that the jury read the exhibits before the testimony was proceeded with, for the only possible motive for refusing to permit exhibits to be read to the jury by counsel during the trial would be to save time, and if the trial were stopped while each juryman perused the exhibits for himself the time consumed would be many times multiplied. If, as is evidently the case, the jury were to take the exhibits with them to the jury room and read them during their deliberations, the court's action would seriously prejudice the defendant's rights. While theoretically a jury's judgment is reserved until the case is finally submitted, it is, of course, true that strong impressions are formed as the trial proceeds. It is the right of a party to have the jury hear all of his evidence when the evidence is received, for this tends to a better understanding of the case, and particularly to a fuller appreciation of all testimony subsequently brought out. Furthermore, there is no certainty that each juryman will read the exhibits after retiring to the jury room. Defendant's counsel was clearly within his rights in insisting upon reading these letters to the jury, and the court's ruling was erroneous and prejudicial.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.